UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LINDA REED,<br><br>  Plaintiff,<br>v.<br><br>COLUMBIA ST. MARY'S HOSPITAL,<br><br>  Defendant. | Case No. 14-CV-145-JPS<br><br><br><br>ORDER |

The plaintiff, Linda Reed, filed her complaint in this matter on February 11, 2014. (Docket #1). The Court dismissed it, finding that it failed to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure. (Docket #7, at 1–2). Nonetheless, the Court provided Ms. Reed the opportunity to submit an amended complaint. (Docket #7, at 3–4).

Ms. Reed filed an amended complaint on February 24, 2014. (Docket #9). The complaint is slightly shorter and includes fewer claims, but remains very difficult to understand. (*See* Docket #9). The Court will, nonetheless, attempt to screen it.

This matter now comes before the Court on Ms. Reed's motion for leave to proceed *in forma pauperis*, which the Court had previously held in abeyance (Docket #2, #7). The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To authorize a litigant to proceed *in forma pauperis* ("IFP"), the Court must first determine that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the Court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not

seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

Ms. Reed satisfies the first of those requirements: she is unable to pay the costs of commencing this action. Ms. Reed receives $973.00 per month in disability payments, nearly all of which she uses to pay for necessities, such as rent, utilities, food, insurance, and the cost of her car. (Docket #2, at 2, 4). She cannot afford to commence this action, and therefore the Court finds that she satisfies the first of the requirements to proceed *in forma pauperis*.

On the other hand, it is a much closer call as to whether her action satisfies the second requirement. Ms. Reed's complaint includes no less than ten claims. The Court will analyze each of those claims to determine whether Ms. Reed has adequately pled factual matter that would support it and whether it satisfies the other requirements of 28 U.S.C. § 1915(e)(2). The Court will address Ms. Reed's claims based upon federal questions first. There is no diversity of citizenship in this case, as both Ms. Reed and the defendant are citizens of Wisconsin. 28 U.S.C. § 1332; (Am. Compl., at ¶¶ 5–6). Rather, if the Court has jurisdiction, it will be pursuant to the Court's federal question jurisdiction. 28 U.S.C. § 1331. Therefore, if none of Ms. Reed's federal claims survive screening, then the Court should not exercise supplemental jurisdiction over Ms. Reed's myriad state law claims. 28 U.S.C. § 1367. Accordingly, it is best to begin by analyzing Ms. Reed's federal law claims, because if they do not survive, then the Court may dismiss this action for lack of jurisdiction without considering the merits of Ms. Reed's state law claims.

Before turning to the specifics of Ms. Reed's claims, the Court notes that it must give her complaint a liberal construction, no matter how

"inartfully pleaded," it may be. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In her complaint, Ms. Reed alleges four claims that, in some conceivable way, may fall under federal law: (1) a claim under Title III of the Americans with Disabilities Act (Am. Compl. ¶¶ 35–38); (2) an invasion of privacy claim (Am. Compl. ¶¶ 68–74); (3) a retaliation claim (Am. Compl. ¶¶ 75–78); and (4) a false imprisonment claim (Am. Compl. ¶¶ 112–116). (The remainder of her claims—battery, failure to intervene (which seems to be based upon negligence), negligent misrepresentation, negligence, intentional infliction of emotional distress, and medical negligence—all arise under state law.)

1. AMERICANS WITH DISABILITIES ACT CLAIM

Ms. Reed's first claim allegedly falls under the Americans with Disabilities Act. Specifically, Ms. Reed alleges that the defendant violated 42 U.S.C. § 12183 by preventing her the full and equal enjoyment of its services and facilities, because of her disability. To begin, the Court points out that 42 U.S.C. § 12183 of the Americans with Disabilities Act does not seem to apply to this situation; it concerns construction of public and commercial facilities, but Ms. Reed does not allege any facts that seem to implicate a failure by the defendants to have adequately constructed its building to meet her needs. Rather, Ms. Reed seems to be making a claim under Section 504 of the Rehabilitation Act of 1973. (Compl. ¶ 36–37 (discussing Section 504 and arguing that the defendant prevented Ms. Reed from the full and equal enjoyment of its services based upon her disability—language that closely tracks Section 504's prohibitions, *see* 29 U.S.C. § 794)).

This claim fails because Ms. Reed has not alleged any facts that would support her claim that the defendant prevented her from use of its facilities because of her disability. It is unclear what, precisely, happened once Ms. Reed was inside of the defendant's facility. Ms. Reed alleges that she did not receive proper medication and that the defendant's employees refused to allow her to do things like use a phone, speak with a chaplain or administrator, or allow her to participate in group activities. (Compl. ¶¶ 10, 12). She also alleges that she was placed in isolation, attempted suicide, and was later discharged. (Compl. ¶¶ 15, 16, 19). But, even if any of those allegations are true, Ms. Reed has not alleged *any* facts that would support a finding that those actions were taken on the basis of her disability. There are myriad reasons, aside from discrimination, that the hospital may have chosen to take its course of action; simply because it took that course of action and Ms. Reed happens to be disabled *does not* mean that it took those actions on the basis of Ms. Reed's disability, as 29 U.S.C. § 794 requires for there to be a violation of Section 504.

Accordingly, Ms. Reed has failed to state an Americans with Disabilities Act or Rehabilitation Act claim, and the Court must dismiss that aspect of her complaint, pursuant to 28 U.S.C. § 1915(e)(2).

2. INVASION OF PRIVACY CLAIM

Ms. Reed's next potential federal claim is an invasion of privacy claim. In this regard, Ms. Reed argues that the defendant's employees called her daughters to discuss her medical care. (Compl. ¶¶ 68–74). Ms. Reed alleges that, in doing this, the defendant's employees disclosed medical information to her daughters without receiving a signed consent from Ms. Reed. (Compl. ¶ 71–72). This, she alleges, violated her rights to privacy. (Compl. ¶ 73).

To the extent that Ms. Reed is attempting to argue that the defendant should be held liable for violating her Fourth Amendment right to privacy, her argument fails. 42 U.S.C. § 1983, which creates a civil action for deprivations of civil rights, applies only to persons who act under color of state or federal law. The defendant—a private hospital—does not act under color of law, nor does Ms. Reed allege facts that would support as much. Therefore, an action under 42 U.S.C. § 1983 must fail.

Perhaps Ms. Reed is alleging that the defendant violated the Health Insurance Portability and Accountability Act of 1996 (HIPAA) by disclosing medical information without her consent; that argument would also fail. "HIPAA does not furnish a private right of action." *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011) (citing *Acara v. Banks*, 470 F.3d 569, 570–72 (5th Cir. 2006); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010), *cert. denied*, --- U.S. ----, 131 S.Ct.1534 (2011); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n. 4 (10th Cir. 2010)). Therefore, to the extent Ms. Reed is alleging a HIPAA claim, her claim necessarily fails.

For these reasons, the Court finds that Ms. Reed has failed to state an invasion of privacy claim, and the Court must dismiss that aspect of her complaint, pursuant to 28 U.S.C. § 1915(e)(2).

Wisconsin has various statutes related to a right of privacy. *See, e.g.*, Wis. Stat. § 995.50. If Ms. Reed is alleging a claim under those statutes, then they are solely state law claims, and the Court would not have jurisdiction over them unless it were to find other federal law claims supported jurisdiction under 28 U.S.C. § 1331 and then were to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367.

3.   RETALIATION CLAIM

The next claim with potential to be considered a federal claim is Ms. Reed's claim titled "Retaliation or Coercion." (Compl. ¶¶ 75–78). In this regard, Ms. Reed asserts that the defendant's employees said rude things about her *before Ms. Reed threatened to file this lawsuit.* (Compl. ¶ 76 (Ms. Reed alleges that "Defendant [presumably through an employee] whispered and taunted underhanded comments to Plaintiff about her disabilities as they passed her," and warned her "'Don't you cause any trouble['] before she requested any treatment or service." Though the timeline is unclear, this obviously must have occurred prior to Ms. Reed's discharge, which was before Ms. Reed requested copies for her investigation)). She also alleges the defendant's employees called her daughters, seemingly as retaliation for her threatening to file this lawsuit. (Compl. ¶¶ 76–77).

42 U.S.C. § 12203(a) prohibits discrimination against an individual because that individual in some way opposed a practice made unlawful by the Americans with Disabilities Act. However, there is no factual allegation whatsoever that the defendant took any formally discriminatory action against Ms. Reed in any way. Even if the defendant's employees made disparaging comments, those comments were made prior to her investigation, and therefore could not have been retaliatory. Meanwhile, the alleged calls do not appear to implicate discrimination in any way.

42 U.S.C. § 12203(b) makes it unlawful to "coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of…any right granted or protected by this chapter." Ms. Reed, however, does not indicate what right, granted or protected by the Americans with Disabilities Act, the
Page 6 of 8

defendant allegedly interfered with, nor does she indicate *how* the defendant may have coerced, intimated, threatened, or interfered with that right.

For these reasons, the Court finds that Ms. Reed has failed to state a retaliation or coercion claim, and the Court must dismiss that aspect of her complaint, pursuant to 28 U.S.C. § 1915(e)(2).

4. FALSE IMPRISONMENT CLAIM

The final claim that the Court can envision may fall under federal law is Ms. Reed's false imprisonment claim. (Compl. ¶¶ 112–116).

Again, if Ms. Reed is alleging that the defendant violated her constitutional rights by falsely imprisoning her, she would not be able to maintain a 42 U.S.C. § 1983 suit against the defendant because the defendant was not acting under color of state law.

Meanwhile, there is no separate federal statutory provision that creates a civil claim against a private actor for false imprisonment.

Therefore, Ms. Reed has failed to state a false imprisonment claim, and the Court must dismiss this aspect of her complaint, pursuant to 28 U.S.C. § 1915(e)(2).

5. CONCLUSION

Having dismissed all of Ms. Reed's claims that could conceivably arise under federal law, the Court lacks jurisdiction to hear this matter under 28 U.S.C. § 1331. Likewise, the Court lacks diversity jurisdiction under 28 U.S.C. § 1332. Therefore, lacking a basis for jurisdiction over the potentially-federal claims, the Court may not exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

The Court, accordingly, lacks jurisdiction over this case entirely, and must dismiss it. The Court will do so without prejudice. It will also deny as

moot Ms. Reed's motions for leave to proceed *in forma pauperis* and for appointment of counsel.

Accordingly,

IT IS ORDERED that, for the reasons discussed above, Ms. Reed's federal claims be and the same are hereby DISMISSED without prejudice for failure to comply with Rule 8(a)(2);

IT IS FURTHER ORDERED that, those claims having been dismissed, the Court lacks jurisdiction over this matter and, therefore, this matter be and the same is hereby DISMISSED without prejudice; and

IT IS FURTHER ORDERED that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) and motion for appointment of counsel (Docket #3) be and the same are hereby DENIED as moot.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of February, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge